WILLIAM M. BELLAMY, ADMINISTRATOR, v. BLADEN COUNTY LUMBER COMPANY.

(Filed 3 May, 1922.)

1. **Employer and Employee—Master and Servant—Safe Place to Work— Youthful Employees—Warnings—Instructions—Supervision.**

    It is required of the employer of labor to exercise ordinary care in providing them a reasonably safe place to work, and especially to warn and instruct those who are youthful and inexperienced concerning the risks and dangers which import menace of serious injury, and to provide adequate supervision when conditions are such as to require it.

2. **Same—Negligence—Evidence—Nonsuit—Trials.**

    The owner of a lumber plant, a corporation, used in connection with its plant a slide to haul up the logs from the water. There was evidence

tending to show that where this slide entered the water the water was knee deep, and waist deep where it ended; and beyond was the channel of the river some twenty or thirty feet deep; that the plaintiff's intestate was a boy about 15 years of age, and inexperienced, and while at work under the defendant's superintendent in repairing this slide, the superintendent left the intestate, with other boy employees, in the water to clear out the bottom and old boards at the foot of the slide, directing them to stay there until his return, but without warning or instructing them as to their danger; that the plaintiff could not swim with the clothes or shoes he necessarily was wearing in the performance of his duties, and in the absence of the superintendent was seen to fall forward and was carried out by the rising river, and was drowned. Upon defendant's motion as of nonsuit: *Held,* sufficient as to the actionable negligence of the defendant to take the case to the jury.

APPEAL by plaintiff from *Connor, J.,* at September Term, 1921, of BRUNSWICK.

Civil action to recover damages of defendant for wrongfully and negligently causing the death of Fred Ballard, plaintiff's intestate. At the close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Robert W. Davis and John D. Bellamy for plaintiff.*
*Rountree & Carr for defendant.*

HOKE, J. There were facts in evidence on part of plaintiff tending to show that defendant company owned and operated a lumber mill near the Cape Fear River in said county. That the mill carriage was about 30 feet from the river and 20 to 25 feet above the water level, and there was a slide 7 feet in width running from the carriage down into the log pen in the river, and which extended into the pen and under the water a distance of 10 or 12 feet. That the water was about knee-deep where the slide "struck" the river and waist-deep where it ended, and the logs were dragged from the river as needed up this slide on to the mill carriage, etc. That the slide had become broken or torn up, and when the logs were being pulled out of the pen they would catch and stop and it had become necessary or desirable to repair same. That the intestate was a lad of about 15 years of age, in employment of defendant at the time, and had been for about four days, and on 15 August, 1918, he with two or three other youthful employees, were directed by the foreman of the mill, one Douglas, to go with him and repair the slide where it had become torn up or broken under the water. That while so engaged Douglas, the foreman, finding that he would need to saw a piece of timber for the purpose, went with Ben Willis, one of the boys, to the mill for the purpose, instructing the intestate and his comrades to stay there in the water and clear out the bottom and the old boards at

the foot of the slide. That the two boys were in the water when Douglas left, and that he gave them no warning of any danger, but told them "to stay in there till he cut the piece at the mill. That the channel of the river was from 30 to 40 feet deep, and was 30 or 40 feet away." That intestate could not swim, and was in the water with his clothes and shoes on, ready to do the work required. That the tide was rising in the river, and the intestate was seen to fall forward and was caught and carried into deep water and was drowned. It is fully recognized in this jurisdiction and elsewhere that an employer of labor in this class of work, in the exercise of ordinary care, must provide for its employees a reasonably safe place to work, and to warn and instruct youthful or inexperienced employees concerning the risks and dangers which import menace of serious injury, and in the exercise of such care, to provide also adequate supervision when conditions are such as to require it. A rule that is especially insistent in case of youthful employees when their lack of experience and training is likely without it to subject them to risk of serious or substantial injury. In *Ensley v. Lumber Co.,* 165 N. C., 687-695, *Associate Justice Walker* quotes with approval on the subject, 1 Shearman & Redfield on Negligence (6 ed.), secs. 219 and 219 a, as follows: "It is the duty of one who employs young persons in his service to take notice of their apparent age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate, and to which they ought not to be exposed. This is a duty which cannot be delegated; and any failure to perform it leaves the master subject to the same liability, with respect to such risks, as if the child were not a servant. For this purpose, the master must instruct such young servants in their work and warn them against the dangers to which it exposes them, and he must put this warning in such plain language as to be sure that they understand it and appreciate the danger. . . . The principles governing the employment of minors are to a large degree also applicable to the employment of inexperienced, ignorant, feeble, or incompetent servants. A master having notice of any such defect in a servant, no matter what his age may be, is bound to use ordinary care to instruct the inexperienced or ignorant, and to avoid putting the feeble to work too heavy for their strength, and generally to refrain from exposing them to risks which they are not fit to encounter. When the master has notice of such ignorance or inexperience on the part of the servant as would make the ordinary risks of the business especially perilous to that servant, he must give the servant explicit warning of the danger, and not allow him to undertake the work without a full explanation of its perils." This being the rule of obligation, and applying the principle uniformly prevailing with us that on a judgment of nonsuit, the facts which make in favor of plaintiff's claim

should be accepted as true, and construed in the light most favorable to him. We are of opinion that the evidence of record affords a permissible inference that there has been in this instance a negligent breach of duty on the part of defendant, constituting an actionable wrong, and that on the facts as now presented the judgment of nonsuit is erroneous. This will be certified that the said judgment will be set aside and the case submitted to the jury on appropriate issues.

Reversed.